


# SEALED

**Office of the United States Attorney**
**District of Nevada**
**501 Las Vegas Boulevard South,**
**Suite 1100**
**Las Vegas, Nevada 89101**
**(702) 388-6336**

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
OCT 16 2019
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

NICHOLAS A. TRUTANICH
United States Attorney
Nevada Bar Number 13644
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6551 / Fax: 702.388.6418
tony.lopez@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBERT CORTEZ MARSHALL,

Defendant.

**SEALED**
**CRIMINAL INDICTMENT**

Case No. 2:19-cr- 270

**VIOLATIONS:**

Wire Fraud (18 U.S.C. § 1343)

Money Laundering (18 U.S.C. § 1957)

**FORFEITURE ALLEGATION**

**THE GRAND JURY CHARGES THAT:**

**INTRODUCTORY ALLEGATIONS**

1. At all times relevant to this Indictment, Defendant Robert Cortez Marshall resided within the State and Federal District of Nevada.

2. Between approximately January 2014 and April 2015, MARSHALL owned and operated a Nevada corporation called R.B.J. Generational Wealth Management LLC, which did business using the name Adz on Wheelz.

3. At all relevant times to this Indictment, MARSHALL controlled and served as an authorized signer on numerous bank accounts in his name and in the name of R.B.J. Generational Wealth Management LLC and Adz on Wheels, including but not limited to

Nevada State Bank accounts ending in 9017, 5416, and 7841 (hereinafter NSB 9017, NSB 5416, and NSB 7841, respectively)

**COUNTS ONE TO FIVE**
***Wire Fraud***
**(18 U.S.C. § 1343)**

4. Paragraphs 1 through 3 above are hereby re-alleged and incorporated by reference as if fully set forth here.

5. Beginning on a date unknown, but no later than in or about January 2014, and continuing to at least in or about April 2015, in the District of Nevada and elsewhere,

**ROBERT CORTEZ MARSHALL,**

defendant herein, and others known and unknown to the grand jury, devised, intended to devise, and willfully participated in, with knowledge of its fraudulent nature, a scheme and artifice to defraud Adz on Wheelz victim investors and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

*The Scheme and Artifice to Defraud*

6. The scheme and artifice to defraud was in substance that MARSHALL made and caused to be made numerous material misrepresentations and omissions designed to fraudulently induce investors to transmit money to bank accounts under MARSHALL's control, including but not limited to NSB 9017.

7. As part of the scheme and artifice to defraud investors, MARSHALL falsely represented and caused others to falsely represent that Adz on Wheelz owned and operated a fleet of luxury vehicles that were or would be customized with multiple monitors on the exterior of the vehicles for the purpose of displaying digital advertising. MARSHALL sold and caused others to sell investors "fractional ownership" of the vehicles purportedly owned by Adz on Wheelz.

8. It was further part of the scheme and artifice to defraud that MARSHALL falsely represented and caused others to falsely represent that: (a) the investors who purchased shares of an Adz on Wheelz vehicle collectively owned that vehicle; (b) by purchasing shares of such a vehicle, investors would receive a "Guaranteed Weekly Royalty" paid out from the advertising revenue earned through that vehicle; and (c) investors could request to cancel their investment for any reason during the first 12 months after investing and receive a full refund of their investment after accounting for royalty payments already made to that investor.

9. It was further part of the scheme and artifice to defraud that MARSHALL falsely represented and caused others to falsely represent to investors that Adz on Wheelz had earned millions of dollars of commitments from advertisers.

10. It was further part of the scheme and artifice to defraud that MARSHALL operated Adz on Wheelz almost entirely as a Ponzi scheme, that is, money solicited from new investors was used to make "royalty payments" owed to prior investors, but concealed that fact from the investors.

11. It was further part of the scheme and artifice to defraud that MARSHALL regularly transferred investor money to other bank accounts under his control, including but not limited to NSB 5416 and NSB 7841, and used investor money for his own personal expenses, but concealed that fact from the investors.

12. It was further part of the scheme and artifice to defraud that MARSHALL made other false, fraudulent, deceptive, and deceitful representations as necessary to advance his fraudulent scheme, conceal his fraudulent activities from others, avoid detection, enrich himself, and cause losses to his investors.

13. Based on the false and fraudulent nature of MARSHALL's claims, between January 2014 and December 2014, more than 200 investors invested a total of more than $5 million in Adz on Wheelz.

*The Charged Interstate Wires*

14. On or about the dates below, within the State and Federal District of Nevada and elsewhere,

**ROBERT CORTEZ MARSHALL,**

defendant herein, for the purpose of executing the above scheme, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below, each transmission constituting a separate violation of 18 U.S.C. § 1343:

| COUNT | DATE | INTERSTATE WIRE |
|---|---|---|
| 1 | 11/12/14 | Interstate Wire Transfer by Investor B.Z. of $10,000 from Navy Federal Credit Union to NSB 9017 in Nevada |
| 2 | 11/12/14 | Interstate Wire Transfer Caused by Deposit of $10,000 Chase Bank Cashier's Check from Investor K.A. into NSB 9017 in Nevada |
| 3 | 11/13/14 | Interstate Wire Transfer by Investor M.J. of $30,000 from USAA Federal Savings Bank to NSB 9017 in Nevada |
| 4 | 12/3/14 | Interstate Wire Transfer by Investor M.J. of $50,000 from USAA Federal Savings Bank to NSB 9017 in Nevada |
| 5 | 12/4/14 | Interstate Wire Transfer by Investor R.O. of $100,000 from U.S. Bank to NSB 9017 in Nevada |

**COUNTS SIX TO TEN**
***Money Laundering***
**(18 U.S.C. § 1957)**

15. Paragraphs 1 through 14 above are hereby re-alleged and incorporated by reference as if fully set forth here.

16. On or about the dates set forth below, in the State and Federal District of Nevada and elsewhere,

**ROBERT CORTEZ MARSHALL,**

defendant herein, did knowingly engage and attempt to engage in the following monetary transactions by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000 that is the deposit, withdrawal, transfer, or exchange of United States currency, such property having been derived from a specified unlawful activity, that is, Wire Fraud, in violation of 18 U.S.C. § 1343, as more fully described in paragraphs 4 through 14:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| 6 | 10.24.14 | $214,135 transfer from NSB 9017 to NSB 5416 |
| 7 | 10.24.14 | $125,533 transfer from NSB 5416 to NSB 7841 |
| 8 | 11.13.14 | $110,000 transfer from NSB 9017 to NSB 5416 |
| 9 | 11.24.14 | $217,713.56 transfer from NSB 5416 to NSB 7841 |
| 10 | 12.16.14 | $360,738.72 cashier's check withdrawal from NSB 7841 |

all in violation of 18 U.S.C. § 1957.

**FORFEITURE ALLEGATION ONE**

***Wire Fraud***

17. The allegations contained in Counts One through Five of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c).

18. Upon conviction of any of the felony offenses charged in Counts One through Five of this Criminal Indictment,

**ROBERT CORTEZ MARSHALL,**

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, an in personam criminal forfeiture money judgment including, but not limited to, at least $5,379,739 (property).

19. If any property being subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), as a result of any act or omission of the defendant –

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant for the property listed above.

20. All pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 1343; and 21 U.S.C. § 853(p).

**FORFEITURE ALLEGATION TWO**

***Money Laundering***

21. The allegations contained in Counts Six through Ten of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1).

22. Upon conviction of any of the felony offenses charged in Counts Six through Ten of this Criminal Indictment,

**ROBERT CORTEZ MARSHALL,**

defendant herein, shall forfeit to the United States of America, any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957, or any property traceable to such property:

defendant herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1957, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense:

defendant herein, shall forfeit to the United States of America, any property, real or personal, involved in a violation of 18 U.S.C. § 1957, or any property traceable to such property:

an in personam criminal forfeiture money judgment including, but not limited to, at least $1,028,120.28 (property).

23. If any property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1), as a result of any act or omission of the defendant-

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant for the property listed above.

24. All pursuant to 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1); 18 U.S.C. § 1957; and 21 U.S.C. § 853(p).

**DATED** this 16th day of October, 2019.

**A TRUE BILL:**

/S/
FOREPERSON OF THE GRAND JURY

NICHOLAS A. TRUTANICH
United States Attorney

RICHARD ANTHONY LOPEZ
Assistant United States Attorney