CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar Number 14853
JIM W. FANG
Assistant United States Attorney
501 Las Vegas Blvd. South, Ste. 1100
Las Vegas, Nevada 89101
Phone: 702-388-6336
Email: jim.fang@usdoj.gov
*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT CORTEZ MARSHALL,<br><br>    Defendant. | Case No. 2:19-cr-270-JAD-BNW<br><br>**MOTION TO RESTRAIN TRANSFER OF INHERITANCE FUNDS** |

The United States of America, by and through CHRISTOPHER CHIOU, Acting United States Attorney for the District of Nevada, and Assistant U.S. Attorney Jim W. Fang, hereby submits this memorandum in support of its motion to restrain defendant Robert Cortez Marshall's dissipation of assets.

**I. Introduction**

The government moves this Court, pursuant to the All Writ's Act, 28 U.S.C. § 1651, for an order restraining defendant and his representatives, attorneys, agents, family members, and assigns from transferring, selling, encumbering, spending or attempting or completing any action that would affect or diminish the value of specific property of or under the control of the defendant. Specifically, the government seeks the restraint of an

inheritance received or to be received from one of defendant's grandparents[1] so that the funds are available for payment toward restitution pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A.

## II. Statement of Facts and Procedural History

On September 13, 2021, defendant pleaded guilty to one count of Wire Fraud in violation of 18 U.S.C. § 1343 stemming from his role in what was essentially a Ponzi scheme. EFC Nos. 98, 99 at 8-9. As part of the defendant's guilty plea, he executed a plea agreement in which he acknowledged that "defendant will be required to pay full restitution to the victim of the offense to which defendant is pleading guilty." ECF No. 99 at 5. The plea agreement also states:

> To facilitate payment of any fine, restitution, or assessment, surrender assets defendant obtained directly or indirectly as a result of defendant's crimes. Defendant agrees to voluntarily release funds and property under defendant's control or in which defendant has any property interest, before and after sentencing, to pay any fine or restitution identified in this agreement, agreed to by the parties, or ordered by the Court.

*Id*. at 3. Restitution is likely to be in the millions, with the government's estimate being over $3 million.

On March 24, 2022, defendant filed an Emergency Motion to Modify Conditions of Release. ECF No. 117. Therein, he requested that "he be allowed to find and relocate to a new residence; and to travel to a bank to open an account and deposit an inheritance check." *Id*. at 1. Defendant revealed that he received an inheritance check from his maternal grandmother, Ms. Gray. *Id*. at 3. Defendant did not disclose the amount of the inheritance check. *Id*. The government timely filed a response to defendant's motion and

---

[1] Such inheritance was described in the defendant's Emergency Motion to Modify Conditions of Release. ECF No. 117 at 3.

requested that his request to deposit his inheritance check to be used for the acquisition of a replacement residence be denied by the Court. ECF No. 119 at 4. The government further indicated that it would file a separate motion requesting the application of defendant's inheritance toward the payment of his anticipated criminal monetary penalties. This motion follows.

### III. Points and Authorities

The Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A-3664, requires the Court to impose restitution for victims of offenses committed by fraud or deceit. 18 U.S.C. § 3663A(c)(1)(A)(ii). This includes defendant's conviction for Wire Fraud. *United States v. Matsumaru*, 244 F.3d 1092, 1109 (9th Cir. 2001).

The government enforces orders of restitution through the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 et seq., and "by all other available and reasonable means." 18 U.S.C. 3664(m). The FDCPA authorizes the Court to utilize the All Writs Act, 28 U.S.C. § 1651, to support any of the remedies set forth in the FDCPA. 28 U.S.C. § 3202(a). "The All Writs Act enables federal courts to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" *United States v. Catoggio*, 698 F.3d 64, 67 (2d Cir. 2012) (citation omitted). "The broad power conferred by the All Writs Act is aimed at achieving 'the rational ends of the law,' and courts have significant flexibility in exercising authority under the Act." *Id.* (*citing United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172-73 (1969)).

The All Writs Act has been used to restrain defendants from dissipating assets post-conviction, but prior to sentencing. *See, e.g., United States v. Abdelhadi*, 327 F. Supp. 2d 587 (E.D. Va. 2004); *United States v. Gates*, 777 F. Supp. 1294 (E.D. Va. 1991); *United States v. Numisgroup Intl. Corp.*, 169 F. Supp. 2d 133, 138 (E.D.N.Y. 2001) (upholding All Writs

Act authority to authorize restraint of assets where "sentencing and a substantial Order of Restitution is imminent"; post-conviction, the defendants "no longer are bathed with the presumption of innocence").

In *Gates*, the court stated:

> If a trial court does not have authority to order a defendant, post-conviction but prior to sentencing, not to dispose of his assets, then the court is without any meaningful ability to impose a proper sentence under the guidelines and to fulfill the intent and mandate of Congress that a financially able defendant pay fines and costs of prosecution, incarceration, and supervised release or probation. In effect, the court's inability to prevent a convicted defendant from disposing of his assets prior to sentencing would create a situation in which it would only make sense for, and legal counsel would so advise, any defendant with assets to "dispose of" or transfer them for 'safekeeping."

777 F. Supp. at 1296, n. 7.

The All Writs Act provides a necessary authority of the Court to secure assets of the defendant post-conviction, but pre-judgment before the strictures of the FDCPA apply. *See United States v. Swenson*, No. 1:13-cr-91, 2014 WL 2506300 (D. Idaho June 3, 2014) (holding that Mandatory Victims Restitution Act authorization for enforcement of a restitution by all "available and reasonable means" includes writs under the All Writs Act issued in anticipation of an order of restitution because the delay between conviction and sentencing "should not be an opportunity for a defendant to frustrate the sentencing by disposing of assets."); *see also United States. Catoggio*, 698 F.3d 64 (2nd Cir. 2012) (affirming district court decision to restrain assets in anticipation of resentencing using the All Writs Act) (collecting cases); *United States v. Yielding*, 657 F.3d 722 (8th Cir. 2011) (declining to dissolve TRO issued to preserve assets for payment of restitution).

Here, defendant has not yet been sentenced, and therefore, the FDCPA's post-judgment enforcement remedies are not yet available. While various remedies will become available to the government under the MVRA and the FDCPA to enforce collection of

any monetary penalties (including restitution), none of them can be instantly implemented and none of them prevents a defendant or those acting on his behalf from dissipating assets or otherwise secreting, wasting, or placing them beyond the government's reach prior to sentencing. Importantly, defendant here has already agreed to pay restitution for his victims. But, because there is no readily available remedy that can ensure the effectiveness of the Court's upcoming restitution order, only the requested restraining order can preserve defendant's inheritance and ensure its availability for payment toward defendant's substantial restitution order. This request is further supported by the plea agreement, wherein defendant expressly agreed to release funds and property under his control to satisfy any criminal monetary penalties that might be ordered.

### IV. Conclusion

Accordingly, as set forth herein, the Court is well within its broad authority conferred by the All Writs Act to enter an order restraining defendant's dissipation of his inheritance and requiring that defendant deposit such funds with the Court prior to sentencing to ensure satisfaction of criminal monetary penalties, including restitution.

Respectfully submitted this 5th day of April 2022.

CHRISTOPHER CHIOU
Acting United States Attorney

 /s/ Jim W. Fang
JIM W. FANG
Assistant United States Attorney