UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No. 2:19-cr-00270-JAD-BNW |
|---|---|
| Plaintiff | |
| v. | **Order Denying Third Motion to Further Extend Self-Surrender Date** |
| Robert Cortez Marshall, | |
| Defendant | ECF Nos. 189, 190 |

Two weeks before Robert Cortez Marshall was finally scheduled to self-surrender to serve his 34-month sentence for defrauding more than 200 people out of $5 million in a 2014–2015 Ponzi scheme, he filed a motion to let him stay at liberty so he could have gastric-bypass surgery and attend the "at least five years" of follow up appointments he'd need after that procedure.[1]  Highly skeptical of this new excuse, I denied the request but briefly continued Marshall's self-surrender date just long enough to permit his counsel to file a more substantive motion with better support.  The revised motion cut the follow-up period down to just one year,[2] but I denied it "in light of Marshall's criminal background of fraud and the extraordinary delays that have kept him from commencing his sentence in this case months—if not years—ago, and because my history with this defendant leaves me strongly convinced that this sudden need for bariatric surgery is just a convenient ploy to further delay his inevitable incarceration."[3]

---

[1] ECF No. 184; ECF No. 184-1 at 4.
[2] ECF No. 187.
[3] ECF No. 188.

In a third run at avoiding his inevitable prison sentence, Marshall moves for reconsideration of that ruling. He now offers more substantive medical records and a newly obtained letter from his bariatric surgeon that this prescribed surgery and year of postsurgical care is "medically necessary."[4] But this new information does not change my analysis or decision to deny Marshall another 13 months of liberty before surrendering to serve his time. The records that Marshall now offers show that he was referred for this surgery 13 months ago, but he apparently felt no urgency to have it done at that time.[5] And had he scheduled the procedure then, he would be through his follow-up-care period and could timely self-surrender. So this new information that Marshall provides only bolsters my conclusion that the timing of the scheduling of this procedure, to address medical concerns that he has had for several years, is just a convenient ploy to further delay his inevitable incarceration.

IT IS THEREFORE ORDERED that **the motion to reconsider the denial of Marshall's request to continue his self-surrender date [ECF No. 189] is DENIED. Robert Cortez Marshall must self-surrender to the facility designated by the Bureau of Prisons by noon on February 29, 2024.**

_____
U.S. District Judge Jennifer A. Dorsey
February 23, 2024

---

[4] ECF No. 189-1 at 4.

[5] *Id.* at 3.