UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:19-cr-00270-JAD-BNW-1 |
|---|---|
| Plaintiff/respondent | **Order Denying Motion for Extension of Time, Granting Motion to Amend Petition, Directing Response, and Setting Briefing Schedule** |
| v. | |
| Robert Cortez Marshall, | [ECF Nos. 197, 200] |
| Defendant/petitioner | |

    Defendant Robert Cortez Marshall pled guilty to wire fraud and was sentenced to 34 months in prison followed by two years of supervised release. He filed a 28 U.S.C. § 2255 motion, arguing that his sentence should be vacated or reduced.[1] He concurrently filed a motion to extend time to file his "§ 2255 Brief" by 90 days "due to the complexity of his six claims; the limited access to [the] law library . . . at Nevada Southern Detention Center; and [because] he is in the process of retaining a federal post-conviction lawyer . . . ."[2]

    The Rules Governing § 2255 Proceedings do not permit a petitioner to file a separate brief in addition to his § 2255 motion. That initial motion must instead "specify all the grounds for relief available to the moving party . . . [,] state the facts supporting each ground . . . [, and] state the relief requested."[3] Marshall has timely filed his § 2255 motion, and he doesn't say what additions or amendments he may wish to make at some later date. So I deny his motion to extend his deadline to file a § 2255 "brief." If Marshall later wishes to amend or supplement his

---

[1] ECF No. 198.

[2] ECF No. 197.

[3] Rule 2, Rules Governing § 2255 Proceedings for the United States District Courts.

§ 2255 motion, he must file an appropriate motion seeking that relief and identifying the legal justification for it.

Marshall further moves to amend his § 2255 motion to correct some minor mistakes in his initial one.[4] Marshall filed that motion and his proposed amended petition the day his deadline to file a habeas petition expired,[5] and even had it been late I find that his minor amendments relate back to his timely filed petition.[6] Federal Rule of Civil Procedure 15 provides that courts "should freely give leave when justice so requires."[7] I find that Marshall's proposed amendment satisfies that standard, so I grant his motion to amend. I further conclude that a response to Marshall's amended petition appears warranted, so I order the United States of America to file a response by March 10, 2025.

## Conclusion

IT IS THEREFORE ORDERED that Robert Cortez Marshall's motion to extend time **[ECF No. 197] is DENIED** and his motion for leave to amend **[ECF No. 200] is GRANTED.** The Clerk of Court is directed to **DETACH and FILE** the amended motion to vacate, set aside, or correct sentence under § 2255 **[ECF No. 200-1].**

---

[4] ECF No. 200.

[5] *See* ECF No. 178 (judgment, entered on November 7, 2023). Marshall did not appeal his judgment, so his one-year deadline to file a § 2255 motion began to run on November 21, 2023, the date when his ability to file a direct appeal expired. *See* 28 U.S.C. § 2255(f) (establishing a one-year period of limitation that runs from "the date on which the judgment of conviction becomes final"); *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015) (stating that, "if the [§ 2255] movant does not pursue a direct appeal to the Court of Appeals, the conviction becomes final when the time for filing a direct appeal expires"); Fed. R. App. P. 4(b)(1)(A) (setting a 14-day deadline for a criminal defendant to file a notice of appeal). Marshall filed his motion to amend on November 21, 2024. ECF No. 200.

[6] *See* Fed. R. Civ. P. 15(c); *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (applying FRCP 15(c) to habeas petitions).

[7] Fed. R. Civ. P. 15(a)(2).

2

IT IS FURTHER ORDERED that the **government must file a response to Marshall's amended § 2255 motion by March 10, 2025**. Marshall will have 21 days from service of the response to file a reply.

Dated: February 7, 2025

                                                             _____
                                                          U.S. District Judge Jennifer A. Dorsey