UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff<br><br>v.<br><br>Robert C. Marshall,<br><br>　　　　Defendant | Case No.: 2:19-cr-00270-JAD-BNW<br><br>**Order Granting in Part Defendant's Motion to File a Reply or Amended Petition**<br><br>[ECF No. 234] |

Robert C. Marshall is currently serving a nearly three-year sentence after pleading guilty to one count of wire fraud.[1] In November 2024, Marshall filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255,[2] arguing that he received ineffective assistance of counsel and that the government withheld exculpatory evidence in violation of *Brady v. Maryland*.[3] In February 2025, Marshall was granted permission to file an amended motion that corrected mistakes in his first attempt.[4] The government filed its response on March 24, 2025.[5] Marshall then sought five extensions of time to file his reply brief on the primary basis that his family had retained an out-of-state lawyer who needed more time to secure local counsel who would support her pro hac vice admission to this court.[6] The first motion to extend

---

[1] *See* ECF No. 178 (judgment).

[2] ECF No. 198.

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

[4] ECF Nos. 202, 203.

[5] ECF No. 212.

[6] ECF Nos. 213, 215, 218, 221, 224.

time on this basis was filed in April 2025, but Marshall's new attorney didn't appear in this case until October.[7]

After the fifth extended deadline to file a reply passed without any reply being filed, I ordered that Marshall's pending motion "will be evaluated on the motion and response brief only."[8] Ten days later, Marshall's attorney filed a "motion for leave to file an out of time 2255 reply brief on amended 2255 motion," explaining that it took months to secure local counsel and arguing that it would serve the interests of justice to permit her to file a reply brief or an amended petition.[9] The government opposes the motion.[10]

I grant the motion to the extent that it requests leave to file a late reply brief. There exists good cause and excusable neglect to warrant that relief and this court will be assisted by some counseled briefing in support of Marshall's motion. But I deny it to the extent that it seeks leave to file an amended § 2255 motion. Marshall's counsel does not explain what additional detail or requests she would include in a second amended motion or explain why the interests of justice require resetting the long-completed briefing on Marshall's first amended motion. Marshall's amended motion was filed almost a year ago, and the government's brief was complete in April. Without a robust explanation of why Marshall is entitled to redo his motion at this late stage, I find that he hasn't shown good cause to permit amendment. So I deny Marshall's request to file an amended petition.

---

[7] *See* ECF No. 232 (order granting verified petition for permission to practice pro hac vice).
[8] ECF No. 228.
[9] ECF No. 234.
[10] ECF No. 236.

**Conclusion**

IT IS THEREFORE ORDERED that Robert C. Marshall's motion to file an out of time reply brief or second amended § 2255 motion **[ECF No. 234] is GRANTED in part**. Marshall may file a counseled reply brief in support of his amended § 2255 motion by **December 31, 2025. NO FURTHER EXTENSIONS WILL BE GRANTED.**

_____
U.S. District Judge Jennifer A. Dorsey
December 10, 2025